IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD DENVER HINMAN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA and STEVE BULLOCK, ATTORNEY GENERAL,<br><br>Defendants. | CV 15-0013-BLG-SPW-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Richard Hinman's Motion to Proceed in Forma Pauperis (*ECF 1*) and proposed Complaint (*ECF 2*).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Hinman has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). *ECF 1*. The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Hinman must pay the statutory $350.00 filing fee. Hinman submitted an account statement

1

indicating he has insufficient funds to pay an initial partial filing fee. This fee will be waived but Hinman must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Hinman to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Hinman is a state prisoner proceeding without counsel. The named Defendants are the State of Montana and the Montana Attorney General. *Complaint, ECF 2 at 1.*

### B. Allegations

Hinman alleges that Judge Robb violated his due process rights when Judge Robb did not recuse himself from Hinman's 1994 criminal case because the Judge had handled Hinman's divorce. He contends that he did not receive a fair trial, there was ineffective assistance of

counsel, bias and prejudice, he was denied a change of venue, and there was no evidence of a crime. *Complaint, ECF 2-1 at 1-2.*

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

Because Hinman is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint

3

to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

Hinman's claims are barred by the applicable statute of limitations and by the doctrine set forth in *Heck v. Humphrey*, 512 U.S.

4

477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id*.

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court that Hinman's rights were violated during his criminal proceedings would necessarily imply the invalidity of his conviction. Hinman filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus on April 3, 2013. *Civil Action 13-cv-46-BLG-SEH*. That petition was denied as a second or successive petition. *Id*. As

5

Hinman's conviction has not been reversed, declared invalid, expunged, or called into question, his claims are barred by *Heck*.

In addition, Hinman is raising claims regarding a 1994 criminal case. There is a three-year statute of limitations applicable to Section 1983 cases in Montana. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Mont. Code Ann. § 27-2-204(1). Since Hinman is seeking to challenge acts which occurred over 20 years ago, his claims are barred by the statute of limitations.

## IV. CONCLUSION

Hinman's claims are barred by the applicable statute of limitations and the *Heck* doctrine. These are not defects which could be cured by amendment. Accordingly, the Complaint should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the failure to file within

the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007).

**B. Address Changes**

At all times during the pendency of this action, Hinman must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Accordingly, the Court issues the following:

**ORDER**

1. Hinman's Motion for Leave to Proceed in forma pauperis (*ECF 1*) is granted. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on March 4, 2015.

Further the Court issues the following:

**RECOMMENDATIONS**

1. Hinman's Complaint (*ECF 2*) should be dismissed with prejudice.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Hinman's failure to file within the applicable statute of limitations.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Hinman may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing)

hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of March, 2015.

 /s/ Carolyn S. Ostby
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.