IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD DENVER HINMAN, | CV 15-00013-BLG-SPW-CSO |
| Plaintiffs, | ORDER AND OPINION |
| vs. | |
| STATE OF MONTANA and STEVE BULLOCK, ATTORNEY GENERAL, | |
| Defendant. | |

Richard Hinman filed a motion to proceed *in forma pauperis* and a Complaint against the State of Montana and Steve Bullock. Hinman is proceeding pro se. Magistrate Judge Ostby granted his motion to proceed *in forma pauperis* and recommends dismissing the Complaint with prejudice. (Doc. 4).

Hinman had 14 days to file objections to Judge Ostby's Findings and Recommendation. He filed objections on March 23, 2015, (doc. 7), and again on April 3, 2015 (doc. 8). Hinman's April 3, 2015, objection missed the deadline by one day, but argues the same points as his March 23, 2015, objection, so the Court considers both. After a de novo review, this Court adopts Judge Ostby's Findings and

1

Recommendations and dismisses the Complaint.

I.   **Discussion**

This Court is required to review de novo the portions of the Findings and Recommendations to which Hinman objects. 28 U.S.C. § 636(b)(1)(B). Hinman argues that Judge Ostby erred in determining that his claims are barred by the *Heck* doctrine and the applicable statute of limitations. (Docs. 7 and 8).

As Judge Ostby pointed out, because the outcome Hinman seeks in his Complaint would necessarily "imply the invalidity of his conviction," Hinman must be able to prove that his conviction or sentence has been reversed on direct appeal, expunged, or otherwise declared invalid. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Hinman's conviction has not been reversed, declared invalid, expunged or called into question. (*See gen.* docket). Accordingly, Hinman's claims are barred. *Heck,* 512 U.S. at 487.

Hinman also argues that his Complaint is not barred by the statute of limitations because he has "been filing on this since 1995." (Doc. 8 at 1). But regardless of how many different pleadings he has filed since 1995, the Section 1983 claims he raised in his Complaint

2

filed on March 4, 2015, involved claims regarding his 1994 criminal case. (*See* Doc. 2-1 at 1 (alleging that "[i]n 1994 Judge Byron L. Robb never recused himself, I did not receive a fair trial, ineffective assistance of councel (sic) bias, and prejudice, I asked for a change of venue, it was denied."))

Section 1983 provides a federal cause of action, but looks to the law of the State in which the cause of action arose for the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Whatever the state provides as the statute of limitations for personal-injury torts becomes the § 1983 statute of limitations. *Id.* Montana's statute of limitations for personal-injury torts is three years. Mont. Code. Ann. § 27-2-204(1). Thus, the statute of limitations on Hinman's claims in his Complaint ran approximately 20 years ago.

## II. Conclusion

The Court finds no clear error. For the reasons given in the Findings and Recommendation, Hinman's Complaint is DISMISSED.

IT IS ORDERED that the Findings and Recommendations (Doc. 4) are adopted in full.

IT IS FURTHER ORDERED that this matter is DISMISSED

3

WITH PREJUDICE.

The Clerk of Court is directed to close this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court is further directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Hinman's failure to file within the statute of limitations.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 14th day of April 2015.

*Susan P. Watters*
Susan P. Watters
United States District Court